IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIPPERS STEVEDORING COMPANY, | § | |
| | § | |
|     Plaintiff | § | |
| V. | § | C. A. No.: |
| | § | |
| ARCELOR MITTAL TUBULAR PRODUCTS, | § | |
| ROMAN S.A., ARCELOR MITTAL TUBULAR | § | |
| PRODUCTS IASI S.A. and | § | |
| ARCELORMITTAL INTERNATIONAL | § | |
| AMERICA, LLC, | | |
| | | |
|     Defendants | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST
FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Shippers Stevedoring Company ("Shippers"), files its Original Complaint against Defendants Arcelor Mittal Tubular Products Roman S.A., Arcelor Mittal Tubular Products Iasi S.A. (collectively "Arcelor Romania") and ArcelorMittal International America, LLC ("Arcelor America") and would show this Honorable Court as follows:

**I.  PARTIES**

1.  Plaintiff Shippers Stevedoring Company is a Texas business entity with its principal place of business in Houston, Texas.  Shippers is a stevedoring company which, among other things, assists in loading and unloading ships.

2.  Defendant Arcelor Mittal Tubular Products Roman S.A. is a Romanian business entity with its principal place of business in Romania, based on its Original Petition, which became part of the Court's records in Case 4:11-cv-03773.  Arcelor Mittal Tubular Products Roman S.A. is a steel products manufacturer which regularly ships steel cargos by ocean vessel

1

in international commerce, including shipments to the United States and Texas, which was and is doing business in the State by acquiring stevedoring services in the State of Texas, otherwise entering into contracts in the State of Texas and filing suit in the State of Texas. Pursuant to the Hague Convention on the Service of Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Rules"), Defendant Arcelor Mittal Tubular Products Roman, S.A. may be served with process through Ministry of Justice and Citizens' Freedoms, Department of International Law and Treaties, Unit of Treaties and International Relations, Strada Apolodor 17, Bucuresti, Romania 050741 at Stefan cel Mare 246, Roman 611040 jud Neamt, Romania..

3.      Defendant Arcelor Mittal Tubular Products Iasi S.A. is a Romanian business entity with its principal place of business in Romania, based on its Original Petition, which became part of the Court's records in Case 4:11-cv-03773. Arcelor Mittal Tubular Products Iasi S.A. is a steel products manufacturer which regularly ships steel cargos by ocean vessel in international commerce, including shipments to the United States and Texas, which was and is doing business in the State by acquiring stevedoring services in the State of Texas, otherwise entering into contracts in the State of Texas and filing suit in the State of Texas. Pursuant to the Hague Rules, Defendant Arcelor Mittal Tubular Products Iasi, S.A. may be served with process through Ministry of Justice and Citizens' Freedoms, Department of International Law and Treaties, Unit of Treaties and International Relations, Strada Apolodor 17, Bucuresti, Romania 050741 at Calea Chisinaului Street No. 132, Iasi 700180, Romania.

4.      Defendant ArcelorMittal International America, LLC is a Delaware corporation with its principal place of business in Chicago, Illinois. ArcelorMittal International America,

LLC was and is doing business in the State of Texas by contracting for stevedoring services and otherwise entering into contracts in the State of Texas. Defendant ArcelorMittal International America, LLC ("Arcelor America") may be served with summons and complaint by service on CT Corporations System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

## II.  JURISDICTION AND VENUE

5.  This action involves a request for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure. Shippers asks this Honorable Court to declare the rights and liabilities of the parties relative to Arcelor Romania's claim for indemnification in connection with a London arbitration proceeding concerning a claim for damage to the No. 4 ship's crane of the M/V DANOS Z ("DANOS Z"), which allegedly occurred at the Port of Houston in January 2009. Additionally, Plaintiff also brings this action pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, seeking a judicial declaration of the rights and liabilities of the parties pursuant to that statute. TEX. CIV. PRAC. & REMEDIES CODE § 37.004.

6.  Original federal question jurisdiction exists in this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 203.

7.  In the alternative, this action also falls within this Court's original admiralty or maritime jurisdiction. 28 U.S.C. § 1333(1).

8.  Complete diversity exists between the parties to this suit and supports diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this action occurred in this District.

### III.  BACKGROUND OF THE LAWSUIT

10. In January 2009, the M/V DANOS Z, a Malta-flag bulk carrier, arrived at the Port of Houston and berthed at City Dock 29, where it discharged a cargo of steel pipe. At the time relevant to this lawsuit, the DANOS Z had been bareboat chartered and sub-chartered a number of times, but the vessel's disponent owner was then Western Bulk Carriers K/S ("WBC").

11. Defendants Arcelor Romania were voyage charterers and owned part of the cargo of steel pipe loaded onto the DANOS Z.  Arcelor Romania did not own or operate the DANOS Z.

12. Plaintiff Shippers was hired as the discharge stevedore by Defendant Arcelor America.

13. During the discharge operations on January 22, 2009, it was determined that the DANOS Z's No. 4 Crane was damaged, and the DANOS Z interests subsequently had the crane replaced.

14. Seeking to recover for the cost of the new crane, the DANOS Z interests precipitated a number of arbitral proceedings which included a London arbitration proceeding (the "London Arbitration") between WBC and Arcelor Romania under the terms of the WBC–Arcelor voyage charter party. Shippers was not a party to the voyage charter.

15. Seeking protection from a potentially unfavorable ruling in the London Arbitration, Defendants Arcelor Romania sued Shippers in Texas state court alleging that Shippers damaged the DANOS Z's No. 4 Crane and claiming that Shippers should therefore be

held responsible if Arcelor was ordered to pay for the damaged crane. Arcelor Romania filed its lawsuit against Shippers under Cause No. 2011-04352 in the 157th Judicial District Court of Harris County, Texas. WBC was not a party to the litigation.

16. Shippers subsequently removed the state court action filed by Defendants Arcelor Romania to this Court. *See* Case No. 4:11-cv-03773 at Docket No. 1. After removal, the case was assigned to Judge Hittner. Arcelor Romania filed a Motion to Remand, which Shippers opposed. *Id*. at Docket Nos. 5 and 6.

17. Shippers then filed a motion for summary judgment in the removed action. *Id*. at Docket No,. 11. In the Motion for Summary Judgment, Shippers asking Judge Hittner to dismiss all of Arcelor Romania's claims on the grounds that: there was no contractual or common law basis for the indemnity claim asserted by Arcelor Romania.

18. Instead of filing an opposition to Shippers' Motion for Summary Judgment, Defendants Arcelor Romania subsequently moved the Court under Rule 42 of the Federal Rules of Civil Procedure to dismiss their claims against Shippers without prejudice. *Id*. at Docket No. 16. Defendants Arcelor Romania's motion to dismiss was granted on June 25, 2012 and Judge Hittner dismissed Case No. No. 4:11-cv-03773, without prejudice. *Id*. at Docket No. 17.

19. On January 18, 2013, counsel for Defendants Arcelor Romania tendered a demand to Plaintiff Shippers demanding that Shippers defend and indemnify the Defendants Arcelor Romania in the London Arbitration, enclosing with the demand letter a settlement offer conveyed by facsimile by WBC's London solicitor to Defendants Arcelor Romania's London solicitor. Arecelor Romania seeks indemnity from Shippers in the amount of $2,294,092.81, plus attorney's fees, and expenses. These letters are attached to this Complaint as Exhibit 1.

## IV.  REQUEST FOR DECLARATORY JUDGMENT

20. An actual, justiciable controversy exists between Shippers and Defendants Arcelor Romania and Arcelor America regarding the scope and terms of the applicable contract and the obligation of Shippers to defend and indemnify Arcelor Romania and/or Arcelor America for any and all claims made for damage to the No. 4 ship's crane of the DANOS Z. Accordingly, Shippers seeks a declaration that under the agreement to perform discharge operations for on the DANOS Z in January 2009:

(a) Arcelor Romania is not a party to nor an intended third-party beneficiary of the stevedoring contract;

(b) Shippers has no express contractual obligation to defend or indemnify or contribute to Defendants Arcelor Romania or Arcelor America for any and all claims made for damage to the No. 4 ship's crane of the DANOS Z.

(c) There is no common law basis under which Shippers is obligated, to defend or indemnify or contribute to Defendants Arcelor Romania or Arcelor America for any and all claims made for damage to the No. 4 ship's crane of the DANOS Z. See *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981):

(d) The warranty of workmanlike performance does not impose an obligation on Shippers, to defend or indemnify or contribute to Defendants Arcelor Romania or Arcelor America for any and all claims made for damage to the No. 4 ship's crane of the DANOS Z.  *See Rockwell Int'l Corp. v. M/V INCOTRANS SPIRIT,* 998 F.2d 316, 319 (5th Cir. 1993)

(e) Under the maritime doctrine of laches and/or the analogous Texas statute of limitation, any claims for breach of contract, indemnity and/or contribution were time barred as of January 22, 2013.. TEX. CIV. PRAC. & REM. CODE § 16.004.

(f) Under the maritime doctrine of laches and/or the analogous Texas statute of limitation, any tort based claims were time barred as of January 22, 2011. TEX. CIV. PRAC. & REM. CODE § 16.003.

(g) Under the maritime doctrine of laches and/or the analogous Texas statute of limitation, any claims for breach of the warranty of workmanlike performance was time barred as of January 22, 2013.. TEX. CIV. PRAC. & REM. CODE §§ 16.004, 16.051.

(h) The damage to the crane on the DANOS Z was not caused by Shippers Stevedoring.

## V  REQUEST FOR ATTORNEYS' FEES

21. Further Plaintiff Shippers asks that it be awarded reasonable attorneys fees and costs, pursuant to the 28 U.S.C. §§ 2201 *et seq*. and Chapters 37 and 38 of the Texas Civil Practice and Remedies Code.

## VI.  PRAYER

Plaintiff, Shippers Stevedoring Company, respectfully prays that Defendants Arcelor Mittal Tubular Products Roman S.A., Arcelor Mittal Tubular Products Iasi S.A. and ArcelorMittal International America, LLC be cited to appear and answer herein, and that upon final hearing, Plaintiff Shippers Stevedoring Company have judgment in its favor against Defendants Arcelor Mittal Tubular Products Roman S.A., Arcelor Mittal Tubular Products Iasi

S.A. and ArcelorMittal International America, LLC, costs of court, reasonable and necessary attorneys' fees and such other and further relief, at law, in admiralty or in equity, to which Shippers Stevedoring Company may show itself to be justly entitled.

    Respectfully submitted,

    **LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, LLP**

    /s/ *Michael J. Wray*
    Michael J. Wray
    Texas Bar No. 24052191
    Fed. ID No. 381651
    5151 San Felipe, Suite 400
    Houston, Texas  77056
    Telephone:     (713) 917-0888
    Facsimile:      (713) 953-9470
    **ATTORNEY-IN-CHARGE FOR DEFENDANT SHIPPERS STEVEDORING COMPANY**

**OF COUNSEL:**
**Legge, Farrow, Kimmitt, McGrath & Brown, LLP**
Steven E. Goodson
Fed. Id. No.: 9485
TBN: 08169750
Cameron A. Hatzel
Texas Bar No. 24074373
Fed. ID No.  1128943